AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Indiana

**Sealed**

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>ALL TARGET ACCOUNTS LISTED ON<br>ATTACHMENT C | )<br>)<br>)<br>)<br>)<br>) |

Case No.  SEE ATTACHMENT C

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

ALL TARGET ACCOUNTS LISTED ON ATTACHMENT C

located in the _____ Southern _____ District of _____ Indiana _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See property described in Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251, 2252<br>and 2252A | noticing, advertising, distributing, receiving, transmitting, transporting,<br>shipping and possessing child pornography |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT, INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

**Darin Odier, Task Force Officer (FBI)**
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 06/20/2017 _____

_____
*Judge's signature*

City and state: _____ Indianapolis, Indiana _____

**Tim A. Baker, U. S. Magistrate Judge**
*Printed name and title*

ATTACHMENT C

| CAUSE NO. | DESCRIPTION |
|---|---|
| 1:17-mj-489 | All information associated with a certain Google email account (the "Target Account") stored at premises owned, maintained, controlled, or operated by Google, headquartered at 1600 Amphitheatre Parkway, Mount View, CA (described further in Attachment C1) |
| 1:17-mj-490 | All information associated with a certain Google email account (the "Target Account") stored at premises owned, maintained, controlled, or operated by Google, headquartered at 1600 Amphitheatre Parkway, Mount View, CA (described further in Attachment C2) |
| 1:17-mj-491 | All information associated with a certain Live.com email account (the "Target Account") stored at premises owned, maintained, controlled, or operated by Microsoft Corporation, One Microsoft Way, Redmond, WA 98052-6399 (described further in Attachment C3) |
| 1:17-mj-492 | All information associated with a certain yahoo email account (the "Target Account") stored at premises owned, maintained, controlled, or operated by Yahoo! Inc. 701 First Avenue Sunnyvale, California 94089 (described further in Attachment C4) |

**AFFIDAVIT**

I, Darin Odier, a task force officer with the FBI, hereby depose and state as follows:

1. **Affiant:** I am a Law enforcement officer with the Indianapolis Metropolitan Police Department of Investigation and a federally deputized Task Force officer assigned to the FBI the Indianapolis Violent Crimes Against Children Task Force. I have over 28 years of law enforcement experience. I have investigated State and Federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography.

2. **Training:** I have attended and presented at National conferences related to Crimes Against Children and have specific training in the field of online sexual exploitation of children. I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes numerous federal, state and local law enforcement agencies.

3. **Information provided:** Because this affidavit is being submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that to believe that fruits, evidence and instrumentalities of the unlawful transportation, distribution and possession of child pornography are located in the following online accounts described in Attachments C1-C4.

4. **Information provided**: The statements in this affidavit are based on information obtained from my observations and communications, as well as

information learned from other law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing search warrants, the affiant has not included each and every fact known to me concerning this investigation.   I have set forth only the facts that I believe are necessary to establish probable cause for the listed offenses.

5.     Target Accounts and Probable Cause:  For the reasons listed below, there is probable cause to believe that the accounts identified in Attachments C1-C4 were used to notice, advertise, distribute, receive, transmit, transport, ship and possess child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A.

6.     Target Provider:  The Target Accounts are stored at premises owned, maintained, controlled, or operated by provider identified in Attachments C1-C4 (the "Target Providers").

7.     Requested action:  This affidavit was made in support of an application for search warrants for the Target Accounts, which are more particularly described in Attachments C1-C4, and the seizure and search of the items described in Attachment B.  The information and accounts to be searched is described in the following paragraphs and in Attachments C1-C4 and B.  This affidavit is made in support of an application for search warrants under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require the Target Provider to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the

account referenced in this affidavit and further in Attachments C1-C4,
including the contents of the communications.

8.    Probable Cause:  For the reasons listed below, there is probable
cause to believe that Matthew Jones and subjects unknown have used the
Target Accounts to distribute and possess child pornography in violation of 18
U.S.C. §§ 2252 and 2252A.  There is also probable cause to believe that
contraband, evidence of such crimes, and things criminally possessed are
located in the Target Accounts.

9.    **Sexual Exploitation of a Child / Attempted Sexual Exploitation
of a Child (18 U.S.C. § 2251(a)):** This statute provides that "Any person who
employs, uses, persuades, induces, entices, or coerces any minor to engage in,
or who has a minor assist any other person to engage in, or who transports any
minor in or affecting interstate or foreign commerce, or in any Territory or
Possession of the United States, with the intent that such minor engage in, any
sexually explicit conduct for the purpose of producing any visual depiction of
such conduct or for the purpose of transmitting a live visual depiction of such
conduct, shall be punished as provided under subsection (e), if such person
knows or has reason to know that such visual depiction will be transported or
transmitted using any means or facility of interstate or foreign commerce or in
or affecting interstate or foreign commerce or mailed, if that visual depiction
was produced or transmitted using materials that have been mailed, shipped,
or transported in or affecting interstate or foreign commerce by any means,
including by computer, or if such visual depiction has actually been

transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed." It is also a crime to attempt to sexually exploit a child. 18 U.S.C. § 2251(e).

10. **Child Pornography Trafficking (18 U.S.C. § 2252):** This investigation also concerns alleged violations of 18 U.S.C. § 2252, which prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce. The statute provides for enhanced penalties where the defendant knows that the visual depictions involve at least 1 child engaged in sexually explicit conduct who is less than 12 years of age or is prepubescent.

11. **Definitions**: The following definitions apply to this Affidavit:

12. "Child Pornography" means any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256.

13. "Minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

14. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. *See* 18 U.S.C. § 2256(2).

15. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

16. "IP Address" or "Internet Protocol Address" refers to a unique number used by a computer to access the Internet.

## Case Specific Probable Cause

17. **Cyber-Tip from NCMEC:** On August 17, 2015, a cyber-tip was received by the National Center for Missing and Exploited Children (NCMEC) from Dropbox indicating that on, about or between March 26, 2015 and June 16, 2015, a person using Dropbox's services from the IP addresses of 68.51.92.223 uploaded 199 images of possible child pornography. The cyber-tip included the images as well as IP log-in addresses for the account.

18. A law enforcement officer viewed the images and observed that they were a series of images of the same fully nude prepubescent female. In the images, either her genitalia were exposed and/or she was engaged in

sexually explicit conduct.

19.    Dropbox provided user/person information for the account which was uploading the files. The user-provided email address associated with the uploading account is danatom1984@hushmail.com, and the user-provided screen/user name is "dana tompson". The User ID associated with the account was 302172836.

20.    A state Grand Jury subpoena was issued to the Internet Service Provider (ISP) for the IP address used during the upload of the images.  The subpoena response indicated that the IP address, at the dates and times of the uploads, was assigned to provide service at the address of 604 Fairview Dr. Columbus, Indiana.  The subscriber name was Matthew Jones with the same address and a telephone number of 317-552-9941.

21.    A BMV records search found a Matthew Michael Jones, with a DOB 05/15/1991, had an address of 604 Fairview Dr. Columbus, Indiana 47201. This is located in the Southern District of Indiana.

22.    Images on a social media site attributed to Matthew Jones show images of what appears to be an infant girl. In one of the images, Jones is looking at the camera with the infant on his chest.  His comment with the post reads, "Daddy and his angel Kayla".  A comment on the site suggested that the "infant" in the photo is actually a lifelike doll.

23.    **Search Warrant:** Based of the above information, a state search warrant for the residence located at 604 Fairview Dr. Columbus, Indiana 47201 was requested and received out of Bartholomew County Superior Court

1 on November 12, 2015

24.    On November 12, 2015, this affiant and ICAC task force investigators went to 604 Fairview Dr. Columbus, Indiana 47201, and served the search warrant. At the residence, we located Matthew Michael Jones.

25.    This affiant and Indiana State Trooper Mary Sanchez accompanied Jones into our mobile forensic vehicle where we explained the search warrant and advised Jones of his *Miranda* rights. Jones signed a rights waiver agreed to waive his rights and to speak with us. The interview was recorded with audio and video.

26.    Jones stated that he had lived in the residence at 604 Fairview for about 2 years and that he lived alone. Jones stated that he had a HP laptop and a Droid max cell phone. He provided the password and swipe code for these devices.

27.    Jones stated that his profile name on his laptop computer is "demonking"

28.    Jones stated that he had downloaded adult pornography on his laptop through the TOR browser. He stated he uses TOR because it does not maintain search histories.

29.    When asked if he downloaded or possessed any other types of pornography or anything inappropriate on his computer, Jones stated he wanted to stop speaking until he spoke to a lawyer, thus ending the interview.

30.    **Search of the residence for digital items:** Among the digital items recovered from the residence were the laptop and cell phone described

by Jones, as well as 2 additional cell phones and a SanDisk SD card.

31.     **Forensic examination of SD card:**  A forensic examination of the SanDisk SD card found multiple folders with hundreds of images that had been deleted but not overwritten. They were forensically recovered and found to contain over 800 images of infants, toddlers and pre-teen children posed with their genital or pubic areas exposed and/or engaged in sexually explicit conduct.

32.     Included on the SD card are the following images, reviewed and described by this affiant:

a.     **_00_1926.JPG** is an image of a nude toddler female on a blue patterned blanket. The toddler is holding a sexual device commonly referred to as a vibrator against her vaginal area.

b.     **00f-024-08-01-hc-001.jpg** is an image of an adult male holding his penis and pressing it against the anal area of an infant. The infant's vaginal area is visible.

c.     **_794.jpg** is an image of a prepubescent female on a pink rose sheet. Her feet are bound at her ankles by ropes tied above her. She is nude with her vaginal area exposed.

33.     The only contents of the SD card are images of children.

34.     **On scene forensic examination of the HP laptop**. The HP laptop identified by JONES as his, with the profile of "Demonking" was found to contain a video of child pornography. The title of the video is "**[PTHC}12yobeautybymatexe.avi**" and is described as a minor girl

performing oral sex on an adult male.

35.     Emule,  a peer-to-peer file sharing program, was installed on the HP Laptop identified by Jones as his. This affiant knows that Emule is frequently used to download child pornography. On scene forensics showed that JONES searched for files on Emule using the using keyword "kids."

36.     **Other items recovered from the residence**:  In the residence, investigators found the following items:

d.      A bassinet with a lifelike female doll. The baby doll was covered in a blanket, wearing pajamas and a diaper.

e.      A vest with a pillow sewn onto the front of it. When worn, it would give the appearance that the wearer was pregnant.

f.      A "RealCare" baby birth certificate identifying Matthew Jones as the father of the doll.

g.      A 5 drawer dresser full of female baby clothes and shoes.

h.      An "alien" baby doll. There was a noticeable stain and a slice between the legs of the alien baby doll. The doll's stuffing between the legs of the doll was exposed. A bag with additional stuffing was also found.

i.      One latex artificial vagina[1] and one latex artificial anus, both of which were infant / baby-sized, with 2 packages of lubricant.

j.      One baby car seat.

While still on scene, investigators applied for and were granted an

---

1 An **artificial vagina** is a device designed to imitate the female sex organ. To achieve this, it will generally be made of a soft material, lubricated, and sometimes heated. It may be designed for medical research purposes, animal breeding, or as a sex toy for erotic stimulation.  Source: Wikipedia.

additional warrant to seize the above items.

37.    **Dropbox search warrant:** A state search warrant was issued for the Dropbox account identified by username "dana tompson" and email address danatompson1984@hushmail.com. The User ID for this account is 302172836.  On July 26, 2016 this affiant reviewed the contents of the search warrant return. The account contained over 25 folders, many with subfolders, containing thousands of images and videos of child pornography, most of which are infant or toddlers. These include the following images reviewed and described by this affiant.

a.    **00f-030-06-01-hc-015.jpg**  An image of an infant female with her diaper open. A metal device with a cord is pressed against her exposed vaginal area.

b.    **00f-024-02-01-hc-008.jpg**  An infant girl with an adult penis pressed against her mouth.

c.    **36a.jpg**  An image of a toddler girl from behind. The child is bent over and an adult hand is visible inserting an object into the anus of the child.

38.    Additionally, at least one of the images described above as having been recovered from the SD card described above and located in JONES' residence was also found in JONES' Dropbox account:   **_00_1926_1.jpg** was uploaded to the Dropbox user ID account 302172836 on July 5, 2014.

39.    Between June 2014 and June 2015, over 8000 acts of file creations, uploads, or deletions occurred on JONES' Dropbox account. The only IP address shown to have logged into the account is 68.51.92.223. This is

the same IP address described above as returning the JONES residence, 604 Fairview Dr., Columbus, Indiana 47201.

40. The contents of Jones' Dropbox account are entirely comprised of images and videos of children.

41. **Additional forensic examination of HP laptop:**

42. A comprehensive forensic examination was performed on the HP laptop. Among the data recovered were search terms this affiant knows are related to child pornography such as "PTHC" and "Toddler girls naked" were found.

43. A Dropbox log-in history with email address Danatom1984@hushmail was found. This is the email address identified in the original cyber tip.

44. Remnants of email headers were recovered. Some of these show the sender and recipient email addresses, subject and attachment names.

45. The headers show the email addresses Danatom1984@yahoo.com and sarasmith19841@gmail.com sent and/or received emails from the HP laptop.

46. On December 31, 2013 sarasmith19841@gmail.com and mygoodies16@gmail.com exchanged an email with a file attachment named "tradeforyoursexygirls.zip"

47. On December 31, 2013 sarasmith19841@gmail.com and brandiongunn1001@live.com exchanged an email with a file attachment named "4yo karen (pthc)sucknew(awesome cumshot).avi".

48.     Also on December 31, 2013 Danatom1984@yahoo.com and

brandiongunn1001@live.com exchanged an email with a file attachment

named "PTHC SHOWZAO 2013 3yo first anal bead experience cum_xvid.avi".

49.     This affiant knows these file names are consistent with images and

videos of child pornography.

## CONCLUSION

50.     **Conclusion**: Based on my training and experience, and the facts

as set forth in this affidavit, there is probable cause to believe that on the

computer systems in control of the Target Providers there exists evidence of a

crime, contraband, and/or fruits of a crime.  Based on the aforementioned

factual information, I respectfully submit that there is probable cause to believe

that the accounts described in Attachments C1-C4 were used to transport,

receive, distribute, possess, and/or access child pornography. Accordingly,

search warrants are requested.

51.     **Information Sought and Things to be Searched and Seized**:  I

anticipate executing the warrant involving the Target Accounts under the

Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a),

2703(b)(1)(A), and 2703(c)(1)(A), by using the warrants to require the Target

Providers to disclose to the government copies of the records and other

information (including the content of communications) particularly described in

Section I of Attachment B.

52.   **Email account**:  Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that on the computer systems in control of the Target Providers there is evidence of a crime, contraband and/or fruits of a crime.  Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that the Target Accounts described in Attachments C1-C4 was used to transport, receive, distribute, possess, and/or access child pornography. Accordingly, a search warrant is requested.

53.   **Jurisdiction**:  This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711(3) and 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that - has jurisdiction over the offense being investigated."  18 U.S.C. § 2711(3)(A)(I).

54.   **Execution of Warrant**:  Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of these warrants.

55.   **Request to Seal**:  Because the Investigation is ongoing, I would request the Court to seal the Application for Search Warrants, the Search Warrants, and supporting Affidavit in this matter.

56.   **Order Barring Notification of Other Persons**:  I would request the Court order the Target Providers not to notify any other person of the existence of this warrant.  This request is made because I believe notification of the existence of the warrant will seriously jeopardize the ongoing investigation.

57.   **Order to Maintain Account**:  Because the investigation is ongoing, I would further request the Court to order the Target Providers to continue to maintain the Target Account in an open and active status.

Darin Odier
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn before me this 2nd day of June, 2017.

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

## ATTACHMENT C1

## DESCRIPTION OF LOCATION TO BE SEARCHED

This warrant applies to all information associated with the Google email accounts listed below (the "Target Account").  This information is stored at premises owned, maintained, controlled, or operated by Google, an email provider headquartered at 1600 Amphitheatre Parkway, Mount View, CA (the "Target Provider").

Target Account:

mygoodies16@gmail.com

A Preservation was previously sent to Google and assigned Google reference No. 980939

**ATTACHMENT C2**

**DESCRIPTION OF LOCATION TO BE SEARCHED**

This warrant applies to all information associated with the Google email accounts listed below (the "Target Account").  This information is stored at premises owned, maintained, controlled, or operated by Google, an email provider headquartered at 1600 Amphitheatre Parkway, Mount View, CA (the "Target Provider").

Target Account:

sarasmith19841@gmail.com

A Preservation was previously sent to Google and assigned Google reference No. 980939

**ATTACHMENT C3**

This warrant applies to all information associated with the Live.com email account listed below (the "Target Account"). This information is stored at premises owned, maintained, controlled, or operated by Microsoft Corporation, ATTN: Online services Custodian of records, One Microsoft Way, Redmond, WA 98052-6399

Target Account: <u>brandiongunn1001@live.com</u>

A preservation request were previously sent to Microsoft Corporation for this email address

**ATTACHMENT C4**

This warrant applies to all information associated with the yahoo email account listed below (the "Target Account"). This information is stored at premises owned, maintained, controlled, or operated by Yahoo! Inc. 701 First Avenue Sunnyvale, California 94089 Phone: 408-349-3687 Fax: 408-349-7941

Danatom1984@yahoo.com

A preservation request was previously sent to Yahoo! Inc for this email address

## ATTACHMENT B

## Particular Things to be Seized

### I.   Information to be disclosed by Target providers.

To the extent that the information described in Attachments C1-C4 is within the possession, custody, or control of the "Target Providers, the Target Providers are required to disclose the following information to the government for the accounts or identifiers listed in Attachments C1-C4 (the "Target Accounts"). Such information should include the below-described content of the subject account:

a.    Subscriber Information, including the name and location, supplied by the user at the time of registration, the date the account was created and all of the services of the Target Provider used by each of the Target Accounts.

b.    Records of user activity for each connection made to or from the Target Accounts, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses, and any telephone, instrument or other unique identifiers collected by the Target Provider and associated with the Target Accounts;

c.    All information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the

communication (such as source and destination email addresses, IP addresses, and telephone numbers);

d.  The contents of all emails stored in the account, including copies of emails sent to and from the account, draft e-mails, the source and destination addresses associated with each email, the date and time at which each e-mail was sent, and the size and length of each email;

e.  Any deleted emails, including any deleted information described in subparagraph "d," above;

f.  All internet search records, including the specific terms searched in association with the Target Accounts, the dates, times and time zones of all searches, the IP addresses or telephone or instrument identifying numbers associated with those searches, and any data related to the results of the searches associated with the Target Accounts and the Target Accounts' use of any search results;

g.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration,

methods of connecting, log files, and means and source of payment (including any credit or bank account number);

h.  All records or other information stored by an individual using the accounts, including address books, contact and buddy lists, calendar data, pictures, videos and other data files;

i.  All local and long distance telephone connection records;

j.  All telephone or instrument numbers associated with the Target Account (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

k.  All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Target Account;

l.  All wire and electronic communications held or maintained by the Target Provider at any time in association with telephone communication services, including but not limited to text or SMS messaging and stored audio communications, for the use of or associated with the Target Accounts; and

m.    All records pertaining to communications between the Target Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II.    Information to be seized by the government

1.    All information described above in Section I, including correspondence, records, documents, photographs, videos, electronic mail, chat logs, and electronic messages that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2251, 2252, and 2252A, including, for each account or identifier listed on Attachments C1-C4, information pertaining to the following matters, including attempting and conspiring to engage in the following matters:

a.    Any person employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct;

b.    Any person knowingly persuading, inducing enticing, or coercing any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged;

c.    Any person knowingly producing, transporting or receiving child pornography, as defined at 18 U.S.C. § 2256(8);

    d.    Any person knowingly transferring obscene matter to another individual who has not attained the age of 16 years, knowing that the other person has not attained the age of 16 years.

    e.    Any person showing or evidencing a sexual interest in minors or a desire or motive to collect, distribute, receive, notice, advertise or possess visual depictions of minors engaged in sexually explicit conduct or child pornography; or

    f.    Records, documents, writings, and correspondence with others pertaining to the production, noticing, advertising, possession, receipt, distribution, transportation or advertisement of visual depictions of minors engaged in sexually explicit conduct or child pornography.

2.    Credit card and other financial information including, but not limited to, bills and payment records.

3.    Evidence of who used, owned, or controlled the account or identifier listed on Attachments C1-C4.

4.    Evidence of the times the account or identifier listed on Attachments C1-C4 was used or accessed.

5.    Passwords and encryption keys, and other access information that may be necessary to access the account or identifier listed on Attachments C1-C4 and other associated accounts.

### III.   **By Order of the Court**

1.   **Execution of Warrant**:  Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

2.   **Order Barring Notification of Other Persons**:  The Court orders the Target Provider not to notify any person of the existence of this warrant unless further authorized by the Court.  The Court finds that notification would seriously jeopardize the investigation.

3.   **Order to Maintain Account**:  The Court further orders the Target Providers to maintain the Target Accounts in an open and active status so as not to disrupt the ongoing investigation.

4.   **Provision of Results**:  Target providers shall disclose responsive data, if any, by sending it to FBI Task Force officer Darin Odier, 8825 Nelson B Klein Parkway, Indianapolis IN 46250 using the US Postal Service or another courier service, notwithstanding 18 U.S.C. §§ 2252, 2252A or similar statute or code.